Jesse James TERRY, Appellee,

v.

Roger ENDELL, Director, Arkansas
Department of Correction,
Appellant.

No. 93-3425.

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1994.

Decided Aug. 5, 1994.

Rehearing and Suggestion for Rehearing
En Banc Denied Nov. 8, 1994.

Teena L. White, Little Rock, AR, argued
(Kelly K. Hill, on the brief), for appellant.

Michael Booker, Little Rock, AR, argued,
for appellee.

Before RICHARD S. ARNOLD, Chief
Judge, WOLLMAN, Circuit Judge, and
HAMILTON,* District Judge.

WOLLMAN, Circuit Judge.

The State of Arkansas appeals the district
court's[1] grant of habeas relief pursuant to 28
U.S.C. § 2254 to Jesse James Terry, an Ar-
kansas inmate, on the grounds that he was
denied effective assistance of trial counsel.
We reverse.

In 1989, Terry was charged with aggravat-
ed robbery. On the morning of trial, the
State filed an amended information alleging
that Terry previously had been convicted of
more than one but fewer than four felonies
and that upon conviction for the aggravated
robbery he should be sentenced to an extend-
ed term of imprisonment under the Arkansas
habitual offender statute. *See* Ark.Stat.Ann.
§ 5-4-501 (1987). Soon after voir dire be-
gan, Terry informed the court that he did not
want his appointed counsel to represent him.
The court advised Terry that he could repre-
sent himself but that he would be bound by
the court's rules. Terry chose to represent
himself throughout the trial and sentencing.
His appointed attorney remained in the
courtroom in order to act in an advisory
capacity.

The jury found Terry guilty of aggravated
robbery. At sentencing, the State offered
proof of two prior felony convictions for sen-
tence enhancement purposes, which Terry
did not dispute. One of the prior convictions
concerned a 1970 guilty plea to the offenses
of burglary and grand larceny. Terry was
sixteen years old at the time of the 1970 plea.
The court instructed the jury that Terry had

---

* The HONORABLE JEAN C. HAMILTON, United
  States District Judge for the Eastern District of
  Missouri, sitting by designation.

1. The matter was referred to a magistrate judge
   for entry of judgment by consent of the parties
   pursuant to 28 U.S.C. § 636(c).

two prior felony convictions, and the jury sentenced him to life imprisonment.

Terry's habeas petition asserts that his counsel was ineffective for failing to object to the amended information and for failing to move for a continuance in order to evaluate the prior convictions. Although Terry had not raised this ground for relief in his direct appeal or a petition for postconviction relief, the district court relied on the "actual innocence" exception to procedural default, which permits relief without a showing of cause where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *See Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

The court found that Terry was actually innocent of being an habitual offender because of the improper use of the 1970 conviction as a prior felony conviction. Relying upon *Girtman v. Lockhart,* 942 F.2d 468 (8th Cir.1991), the district court found that the 1970 conviction could not be counted against Terry because no hearing was conducted to determine the propriety of trying Terry as an adult.

In *Girtman,* we analyzed Ark.Stat.Ann. § 45–420, which provides that when a person under 18 years of age is charged with a felony or misdemeanor, "the judge of the court may, in his discretion, transfer the case to any other court having jurisdiction over the matter, either as a criminal offense or as an act of delinquency." Ark.Stat.Ann. § 45–420 (Replacement 1977). We held that, under the Arkansas statute, the trial judge had absolute discretion to transfer Girtman's case to juvenile court and that the judge could not constitutionally exercise such discretion without a hearing, statutory guidelines, or any other restraint.

The district court found that "[t]he statute regarding treatment of juvenile offenders which was analyzed in *Girtman* is the statute in effect at the time of Mr. Terry's 1970 conviction." We conclude that the district court erred in making this finding, however, because section 45–420 first became effective July 1, 1975, well after Terry's conviction. The applicable law at the time of Terry's 1970 conviction provided:

When any child under fifteen (15) years of age is charged in the Circuit Courts of this State with any felony, the Circuit Court or the Judge thereof where such charge is pending, may, at his discretion order and direct that the criminal charge and the file and record thereof be transferred to the Juvenile Court of the County where the charge is pending, for such disposition as the Juvenile Court may adjudge and determine.

Ark.Stat.Ann. 45–241 (Replacement 1964). Because Terry was sixteen years old at the time of the 1970 offense, the state-court judge was without authority to transfer Terry's case to juvenile court. No due process violation having occurred with respect to the 1970 conviction, then, Terry suffered no prejudice from his counsel's failure to object to the amended information or to move for a continuance to investigate the validity of that conviction.

The judgment is reversed and the cause is remanded to the district court for entry of a judgment dismissing the petition for writ of habeas corpus.